United States Courts
Southern District of Texas
ENTERED
APR 1 0 2006
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FRED FREUDENSPRUNG § | |
| § | |
| Plaintiff, § | |
| § | |
| versus § | CIVIL ACTION NO. H-02-1977 |
| § | |
| OFFSHORE TECHNICAL SERVICES INC § | |
| § | |
| Defendants. § | |

## O R D E R

Pending before the Court is Plaintiff Fred Freudensprung's Motion for Clarification of Partieis Subject to Arbitration **(Instrument No. 65)**, filed on February 21, 2006.

This maritime action stems from injuries sustained by Plaintiff Fred Freudensprung ("Freudensprung") while working as a barge leaderman on an offshore oil and gas project in Nigerian waters. Freudensprung received an assignment to work on the barge through the operation of two agreements: a "Consultant's Agreement" between Freudensprung and Offshore Technical Services, Inc. ("OTSI"), a Texas-based corporation, and an "Offshore Personnel Supply Agreement" ("Personnel Supply Agreement") between OTSI and the barge's owner and operator, Willbros West Africa, Inc. ("WWAI"), a Panamanian corporation. Both of the agreements contained an arbitration clause specifying that arbitration would take place in Houston, Texas. Freudenspurng was not a signatory to the Personnel Supply Agreement between OTSI and WWAI.

On October 4, 2001, Plaintiff Freudensprung filed an action in this Court against OTSI and

several Willbros entities, including WWAI (the "Willbros Defendants"). On February 19, 2002, this Court entered an Order dismissing WWAI without prejudice for lack of personal jurisdiction. (Instrument No. 26).

On May 1, 2002, this Court entered an Order granting Defendant OTSI's Motion to Stay Plaintiff's Claims Pending Arbitration, and further granting leave to move to reinstate the case on this Court's active docket within ten (10) days from the date of a ruling by the Court of Appeals. (Instrument No. 30). On appeal, the Fifth Circuit affirmed this Court's Order staying Plaintiff's Claims Pending Arbitration with OTSI. (Instrument No. 61). The Fifth Circuit further affirmed this Court's Order dismissing WWAI for lack of personal jurisdiction.

At the time this Court entered an Order granting Defendant OTSI's Motion to Stay Plaintiff's Claims Pending Arbitration, this Court did not have jurisdiction over WWAI to compel it to attend arbitration with OTSI, or with Freudensprung. Furthermore, WWAI was the only Willbros entity that was a signatory to the Personnel Supply Agreement between OTSI and WWAI, with which Freudensprung was never a party. Accordingly, the Court's Order compelling arbitration only applies, and could only apply to arbitration between OTSI and Freudensburg. The Court's Order of August 15, 2002, did not affect any rights, obligations, or duties of WWAI, or any other Willbros Defendant, to arbitrate under the Personnel Supply Agreement between OTSI and WWAI. For these reasons:

IT IS HEREBY ORDERED that Plaintiff's Motion for Clarification of Parties Subject to

Arbitration (Instrument No. 65) is **GRANTED in part** and **DENIED in part**. Specifically, Plaintiff's Motion to "Clarify" is **GRANTED**, and the Court's Order is hereby clarified as set forth above. Plaintiff's Motion to compel WWAI, and the Willbros Defendants to arbitrate Freudensprung's claims against them is **DENIED**.

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** on this the 10th day of April, 2006, at Houston, Texas.

                                               **VANESSA D. GILMORE**
                                       **UNITED STATES DISTRICT JUDGE**